IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HAROLD JACKSON and** ) | |
| **JOYCE JACKSON,** ) | |
| Plaintiffs, ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 04-2500-CM** |
| **JOHN HANCOCK FINANCIAL** ) | |
| **SERVICES, INC., et al.,** ) | **CONSOLIDATED** |
| Defendants. ) | |
| ) | |
| **LARRY K. DEUSCHLE and** ) | |
| **JANICE K. DEUSCHLE,** ) | |
| Plaintiffs, ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 04-2501-CM** |
| **JOHN HANCOCK FINANCIAL** ) | |
| **SERVICES, INC., et al.,** ) | |
| Defendants. ) | |
| ) | |
| **BARBARA PAINTER and** ) | |
| **GEORGE PAINTER,** ) | |
| Plaintiffs, ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 04-2502-CM** |
| **JOHN HANCOCK FINANCIAL** ) | |
| **SERVICES, INC., et al.,** ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs Harold and Joyce Jackson, Larry and Janice Deuschle, and Barbara and George Painter bring this action alleging that defendants mismanaged their investment accounts. Specifically, plaintiffs bring claims for the following: (1) violation of § 10(b) of the Securities Exchange Act of 1934; (2) violation of Securities and Exchange Commission Rule 10b-5; (3) negligence; (4) fraudulent misrepresentation and omission; (5) breach of fiduciary duty; (6) violation

1

of the Kansas Securities Act; (7) violation of the Kansas Consumer Protection Act; and (8) breach of contract.  Defendants in all three consolidated cases moved to dismiss plaintiffs' claims.  The following motions are pending before the court: Plaintiffs' Motion for this Court to Reconsider its Memorandum and Order of September 20, 2005, or in the Alternative, to Certify a Dispositive Question of State Law to the Kansas Supreme Court (Doc. 87); Motion to Dismiss of Defendant James A. Gallogly d/b/a the Heartland Gallogly Agency (Doc. 106); Defendant Stephen D. Godfrey's Motion to Dismiss and Memorandum in Support (Doc. 108); and Motion to Dismiss of Defendants John Hancock Financial Services, Inc., John Hancock Subsidiaries, Inc., Signator Financial Network, Inc. and Signator Investors, Inc. (Doc. 109).

Defendants ask the court to dismiss all of plaintiffs' claims because (1) they are not pleaded with the specificity required by the Private Securities Litigation Reform Act ("PSLRA") and Rule 9(b); (2) they otherwise fail to state a claim; and (3) each is barred by the corresponding statute of limitations.  Each defendant has incorporated and adopted the arguments of the other defendants, and the court will address all of the arguments without separating them by motion.

This is the second round of motions to dismiss.  On September 20, 2005, the court granted defendants' motions in part, but granted plaintiffs leave to amend their complaints.  Plaintiffs filed a consolidated amended complaint, alleging essentially the same claims, but with more supporting facts.

The court has already recounted the facts of this case in detail, and will not repeat them here. *See Jackson v. John Hancock Fin. Servs., Inc.*, No. 04-2500, 2005 WL 2293603, at *1-*3 (D. Kan. Sept. 20, 2005).  In short, plaintiffs claim that defendant Stephen D. Godfrey fraudulently convinced plaintiffs to invest their retirement savings with him, that plaintiffs then lost most of their savings,

and that defendant James A. Gallogly and the Hancock defendants are responsible for defendant Godfrey's acts.  Based on the allegations in plaintiffs' amended complaint, the court denies defendants' motions and grants plaintiffs' motion to reconsider.

**1.       Specificity of Allegations**

In its first order, the court found that plaintiffs did not allege their securities claims and fraud claims with the particularity required by the PSLRA and Fed. R. Civ. P. 9(b).  Plaintiffs have since amended their complaint to allege the time and place of the alleged misrepresentations and omissions and the identity of the party who allegedly misrepresented or omitted material facts.  *See Caprin v. Simon Transp. Servs., Inc.*, 99 Fed. Appx. 150, 158 (10th Cir. 2004) (holding that the complaint must identify the "'who, what, when, where, and how: the first paragraph of any newspaper story'" (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990))).[1]  Plaintiffs have also explained why each misleading statement was false.  *See* 15 U.S.C. § 78u-4(b)(1) ("[T]he complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading . . . .").  And plaintiffs have pleaded facts permitting a strong inference of scienter.  *See* 15 U.S.C. § 78u-4(b)(3)(A).  Moreover, plaintiffs' claims of negligence, breach of fiduciary duty, and breach of contract are only subject to Rule 8(a)'s "short and plain statement" standard—not the more rigorous standard of Rule 9(b).  As the court held in its first order, plaintiffs' negligence, breach of fiduciary duty, and breach of contract claims are sufficiently pleaded and are

---

[1] Defendant Gallogly contends that plaintiffs have not alleged that he personally made any false statements or engaged in deceptive practices.  The court's reading of the complaint—an interpretation that plaintiffs have affirmed in their pleadings—is that plaintiffs seek to hold defendants other than defendant Godfrey liable for defendant Godfrey's acts primarily under theories of secondary liability.  Plaintiffs are therefore not required to specify any statements or deceptive practices attributable directly to defendant Gallogly.

actionable. The court finds that the allegations in plaintiffs' amended complaint are sufficient to survive defendants' motions to dismiss.

**2.      Failure to State a Claim**

    **A.      Kansas Consumer Protection Act Claims**

The court previously dismissed plaintiffs' claims under the Kansas Consumer Protection Act ("KCPA"), Kan. Stat. Ann. §§ 50-623 *et seq.*, for failure to state a claim. The court held that the KCPA does not provide a basis for plaintiffs to recover damages. Plaintiffs moved for the court to reconsider its decision or, in the alternative, to certify the question to the Kansas Supreme Court. Upon further review, the court should not have dismissed plaintiffs' KCPA claim. To prevent manifest injustice, the court exercises its discretion and reinstates plaintiffs' KCPA claim. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998) (holding that reconsideration decision is discretionary); *Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (recognizing the need to prevent manifest injustice as one reason justifying reconsideration (citations omitted)); D. Kan. Rule 7.3 (listing three bases for reconsideration of order).

The court finds the reasoning in Judge Waxse's decision in *Widmer v. Hallier*, No. 03-2490, 2005 WL 1802132 (D. Kan. July 29, 2005), persuasive. It appears to the court that although the KCPA previously specified that securities transactions and insurance contracts did not qualify as "consumer transactions," the legislature amended Kan. Stat. Ann. § 50-624 in 1983 to remove the "securities" exclusion. The court finds that this action expresses the legislature's intent to amend the law to include securities within the purview of the KCPA. The court therefore vacates that portion of its previous ruling that dismissed plaintiffs' KCPA claims.

### B.  Secondary Liability - Control Person Liability, Respondeat Superior, Agency Theories

Defendants other than defendant Godfrey argue that plaintiffs did not and cannot plead facts suggesting that they should be held responsible for the acts of defendant Godfrey. The court addressed this argument in its first order and held that until evidence shows the nature of the parties' relationships, the court cannot rule as a matter of law that defendants are not responsible for the acts of Mr. Godfrey. As the court advised the parties, arguments regarding secondary liability are more appropriate for summary judgment, when the court has evidence before it establishing the nature of the parties' relationships.

### 3.  Statutes of Limitations

### A.  Federal Securities Claims

Defendants ask the court to dismiss plaintiffs' federal securities claims because they are barred by the one-year statute of limitations. According to defendants, plaintiffs had knowledge of the facts giving rise to their claims no later than October 7, 2003 and plaintiffs filed this action on October 8, 2004. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991) (providing that § 10(b) securities claims must be brought "within one year after the discovery of the facts constituting the violation and within three years after such violation"). The court denies defendants' motions for two reasons. First, the court questions whether the one-year statute of limitations applies in this case. None of the parties has raised the 2002 Sarbanes-Oxley Act, 28 U.S.C. § 1658(b). But the court reads the Sarbanes-Oxley Act to extend *Lampf"s* one-year and three-year limitations periods to two- and five-year periods. *See Rodriguez Canet v. Morgan Stanley & Co.*, 419 F. Supp. 2d 90, 94 (D.P.R. 2006) ((applying Act to § 10(b) securities fraud claims (citing *In re: Alstom SA Sec. Lit.*, 406 F. Supp. 2d 402 (S.D.N.Y. 2005); *In re: Exxon Mobil Oil Corp. Sec.*

*Lit.*, 387 F. Supp. 2d 407 (D.N.J. 2005))).

Second, the allegations in plaintiffs' complaint sufficiently raise a question (1) whether plaintiffs were on "inquiry notice" more than two years before they filed this action, and (2) whether, in the exercise of reasonable diligence, plaintiffs should have discovered the facts underlying the allegedly fraudulent activity more than two years before filing suit.  *See generally Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1201-02 (10th Cir. 1998) (establishing inquiry notice and reasonable diligence standards with respect to one-year statute of limitations).  Defendants claim that the repeated poor financial performance of plaintiffs' accounts put plaintiffs on inquiry notice and triggered the duty to use reasonable diligence.  This court will not conclude as a matter of law that an account's poor performance, standing alone, triggered a duty on the part of plaintiffs.  *See, e.g., La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 847-48 (11th Cir. 2004) (reversing dismissal and holding that a sharp fall in stock price did not, by itself, trigger inquiry notice of analyst's conflict of interest); *Gray v. First Winthrop Corp.*, 82 F.3d 877, 881-82 (9th Cir. 1996) (reversing summary judgment and holding that poor financial performance alone does not necessarily suggest securities fraud).

### B. Kansas Securities Act

Claims under the Kansas Securities Act are subject to a three-year statute of limitations. Kan. Stat. Ann. § 60-512(2).  When the securities claims involve fraud, the limitations period is subject to a tolling provision.  *Kelly v. Primeline Advisory, Inc.*, 889 P.2d 130, 134, 137 (Kan. 1995). Under *Kelly*, a cause of action does not accrue until the plaintiffs discover or reasonably should have discovered the fraud.  *Id.* at 137.  As explained above, plaintiffs sufficiently pleaded facts suggesting that they neither discovered nor should have discovered the fraud more than three years before they

brought this case.

### C. State Law Negligence and Breach of Fiduciary Duty Claims

Plaintiffs' negligence and breach of fiduciary duty claims are subject to a two-year statute of limitations. Kan. Stat. Ann. § 60-513(a)(4). The statute begins to run "at the time a negligent act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person." *Roe v. Diefendorf*, 689 P.2d 855, 859 (Kan. 1984). Plaintiffs pleaded facts suggesting that neither defendants' acts nor plaintiffs' injuries were reasonably ascertainable until within two years of filing this action; according to plaintiffs, when they asked defendant Godfrey about the losses their accounts sustained, he assured them that the losses were only on paper, that the reports were outdated, and that the accounts had already recovered. Plaintiffs have met their burden at this stage of the litigation.

### D. Misrepresentation and Omission Claims

Plaintiffs' misrepresentation and omission claims are also subject to a two-year statute of limitations, which does not accrue until the fraud is discovered. Kan. Stat. Ann. § 60-513(a)(3). For the same reasons previously stated, the court cannot find that the claims are time-barred based on the allegations in plaintiffs' complaint.

## 4. Conclusion

The parties presented numerous arguments that the court did not discuss in detail here. The court assures the parties that it considered all of the arguments in the briefs, but did not engage in a lengthy discussion of the issues in the interest of judicial efficiency and because of the procedural posture of this case. In a few instances, the parties reiterated arguments that this court previously rejected. This court will not repeat its prior rulings here.

In sum, while a fully-developed record may show that some or all of plaintiffs' claims should not be submitted to a jury, the court cannot make that finding based on the well-pleaded allegations in plaintiffs' amended complaint.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss (Docs. 106, 108, and 109) are denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion for reconsideration (Doc. 87) is granted.

Dated this 20th day of September 2006, at Kansas City, Kansas.

       **s/ Carlos Murguia**
       **CARLOS MURGUIA**
       **United States District Judge**